**TEXAS MEXICAN RAILWAY COMPANY, Petitioner,**

v.

**The UNITED STATES of America and Interstate Commerce Commission, Respondents.**

No. 77–1485.

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1977.

Hugh L. McCulley, Houston, Tex., for petitioner and for Akron, Canton & Youngstown Railroad Co., et al. as intervenors.

John H. Shenefield, Acting Asst. Atty. Gen., Barry Grossman, Chief, App. Sec., Edward E. Lawson, Jr., Atty., Mark Evans, ICC, Gen. Counsel, Henri F. Rush, Assoc. Gen. Counsel, U. S. Dept. of Justice, Alan J. Thiemann, Atty., ICC, Washington, D. C., for respondents.

E. Stephen Heisley, Washington, D. C., for intervenor Enterprise Products Co. & Enterprise Int'l, Inc.

Before THORNBERRY, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

This petition seeks to review the order of the Interstate Commerce Commission requiring a reduction in the rate governing the movement of a single commodity by a single shipper and consequent reparations. The opinion prepared by the administrative law judge, which was adopted by the Commission, stated in part:

> This rate can be characterized as unjust and unreasonable when the contribution to revenues is compared to the costs on the movement or when compared to the revenue per car mile derived from other producing points to Laredo, giving due regard to the short haul feature of this movement.

The opinion of the administrative law judge also discussed the shipper's inability to make a satisfactory profit in its overall enterprise. The petitioning railroad contends that profitability should not have been mentioned in the administrative law judge's opinion and can never be properly considered in determining the value of service to the shipper in a single product, single shipper situation such as is involved here.

Because we determine that the action of the Commission in this case should be enforced without regard to the comments concerning shipper profitability, we find it unnecessary to reach or rule on this contention and we expressly pretermit any such ruling or implication.

This portion of the administrative law judge's opinion which we decline to consider was the sole basis for the interest asserted by the railroads, other than the carrier directly involved, whose standing as intervenors in this proceeding was challenged by the Commission. Since we do not consider the issue on the merits, we also pretermit any ruling on whether such interventions were properly permitted under 28 U.S.C. § 2323.

The petition for review is

DENIED.